By the Court. Sandford, J.
On looking into this case, we find it unnecessary to decide the question, as to the validity of the judgment entered up by Williams against Wheeler, and the admissibility of the testimony offered with a view of impeaching the record. Independent of those questions, we think the ruling at the trial was correct.
On the 20th of August, 1847, the sheriff was in possession of the goods by his levy ; and could have maintained his right to them, as against Wheeler, upon the execution alone, without resorting to proof of the judgment.
The assignment subsequently executed by Wheeler to the plaintiffs, transferred no greater or other right than he himself had. The plaintiffs are voluntary assignees ; not purchasers in good faith for value, without notice. They received the property, just as Wheeler held it, and subject to the rights which the sheriff had acquired ; one of which was to retain it by force of the execution and his levy.
The plaintiffs therefore are not strangers, within the meaning of the rule, which requires an officer justifying against a stranger, to show a judgment as well as an execution. The sheriff is acting strictly on the defensive, against parties who derive their title from the defendant in the process, subsequent to the levy; and who in this sense, are privies of the defendant.
The regularity of the judgment was therefore immaterial, and the points presented on that subject may be laid out of view.
As to the nonsuit, it was discretionary with the judge ; and he adopted the course least prejudicial to the plaintiffs.
Motion to set aside the non-suit denied.